IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                                                    OPINION AND ORDER

              Plaintiff,

                                                    21-cv-274-bbc

    v.

D. WINKLESKI, K. LOBENSTEIN,
KARMA MARTIN, PETER KARNA
AND B. CAHAK,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Samterious Gordon is proceeding on claims that staff at the New Lisbon Correctional Institution failed to take reasonable measures to prevent him from contracting Covid-19. He has filed a motion seeking leave to amend his complaint to add a claim against defendant Kevin Carr, the Secretary of the Wisconsin Department of Corrections. Dkt. #20. Plaintiff says that Carr could have helped prevent the spread of Covid-19 in the prisons by ordering the release of more prisoners. He says that New Lisbon Correctional Institution is particularly crowded, and that Carr's failure to release prisoners caused overcrowding and increased the spread of the Covid-19 virus.

      I will deny plaintiff's motion for leave to add a claim against Secretary Carr because his allegations do not suggest that Carr violated plaintiff's constitutional rights. Even assuming that overcrowding contributed to the spread of Covid-19 at New Lisbon, Carr's alleged decision not to release prisoners from New Lisbon was not a violation of plaintiff's constitutional rights. The Covid-19 pandemic has posed unique and difficult challenges for

state corrections authorities, and corrections authorities have had to choose among a variety of possible actions to address the spread of the disease in state prisons. Releasing inmates from prison was one possible action that could have been taken. However, the decision whether to release a specific prisoner in light of a global pandemic is a decision that would be based on numerous individualized and discretionary considerations. In such circumstances, courts should defer to prison administrators, who have substantial discretion over the facilities they manage. Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 326 (2012) ("[C]orrectional officials . . . must have substantial discretion to devise reasonable solutions to the problems they face."); Mays v. Dart, 974 F.3d 810, 820–21 (7th Cir. 2020) ("[C]ourts must afford prison administrators wide-ranging deference in the adoption and execution of policies and practices" implemented to manage prisons); Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). Carr's decision whether to release specific inmates from specific prisons to prevent the spread of Covid-19 is the type of decision to which this court owes deference. Accordingly, I conclude that plaintiff's allegations do not support the litigation of a constitutional claim against Carr.

Plaintiff has also filed a motion requesting court assistance in recruiting counsel to assist him with discovery in this case. Dkt. #21. Pro se litigants do not have a right to counsel in civil cases, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in

2

recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him. Plaintiff says that he has contacted several attorneys without success. However, to satisfy this requirement, plaintiff must submit a sworn declaration identifying which attorneys he contacted, when he contacted them, and what responses he received from the attorneys, if any.

Third, plaintiff must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests. McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020).

Plaintiff says that he needs a lawyer because his case is complex and he cannot obtain evidence or an expert on his own. However, it is too early to determine whether this case will be too complex for plaintiff to litigate. Although the case involves questions about housing decisions made by prison officials, plaintiff should be able to obtain relevant documents from

defendants' counsel. In addition, plaintiff will be able to submit a declaration describing what happened after his cellmate contracted Covid-19. It is not yet clear whether there will be factual disputes or whether expert opinion will be needed. Until the facts are developed further, I cannot conclude that plaintiff needs the assistance of counsel.

Plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments. During the past year, for example, the court was able to recruit counsel to assist pro se litigants in only four cases. Although the court is continually trying new approaches to recruiting counsel, there continue to be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that plaintiff Samterious Gordon's motion for leave to amend his

complaint, dkt. #20, and motion for assistance in recruiting counsel, dkt. #21, are DENIED.

Entered this 2d day of March, 2022.

                                BY THE COURT:

                                /s/
                                _____
                                BARBARA B. CRABB
                                District Judge