IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                ORDER

      Plaintiff,

                21-cv-274-bbc

  v.

D. WINKLESKI, K. LOBENSTEIN,
KARMA MARTIN, PETER KARNA
AND B. CAHAK,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff and prisoner Samterious Gordon is proceeding on claims that staff at the New Lisbon Correctional Institution failed to take reasonable measures to prevent him from contracting Covid-19. In particular, he alleges that his cellmate tested positive for Covid-19, but prison staff refused to move plaintiff to a different cell even though plaintiff had tested negative. Plaintiff later contracted Covid-19 and suffered major weight loss, loss of taste and smell, and emotional distress.

  Plaintiff has filed two motions that are before the court. First, he asks that the court order an in camera review of the medical records of John Wesly, his former cellmate from whom he contracted Covid-19. Plaintiff says that Wesly is deceased, but that plaintiff needs access to Wesly's medical records to show that Wesly had a diagnosis of Covid-19 in November 2020. Defendants oppose the motion, arguing that Wesly's records have been moved to Corrections central storage, that plaintiff should attempt to obtain a medical release from someone who could provide one on Wesly's behalf, and that, in any event, the

1

evidence would not be sufficient to prove plaintiff's claim.

I am not persuaded by defendants' objections. The evidence regarding Wesly's diagnosis is highly relevant to plaintiff's claim. Plaintiff is incarcerated, and has no way to determine who could provide a medical release on Wesly's behalf. Defendants' counsel can obtain the relevant medical records, and it is too early to determine whether plaintiff will have enough evidence to prove his claim. In addition, defendants concede that the Health Insurance Portability and Accountability Act of 1996 (HIPAA) provides an express exception for judicial proceedings. 45 C.F.R. § 164.512(e)(1).

That being said, it should not be necessary for the court or plaintiff to review Wesly's medical records. Plaintiff states that he is simply seeking confirmation that Wesly had ben given a diagnosis of Covid in November 2020 while they both were incarcerated at New Lisbon. Defendants' counsel or a Corrections records keeper can review Wesly's medical records from that month and provide confirmation, or not, regarding Wesly's diagnosis. The court would then treat the confirmation as an admission, and an undisputed fact, regarding Wesly's Covid-19 diagnosis. If defendants' counsel objects to reviewing Wesly's medical records for this purpose, counsel may notify the court by the deadline provided below.

Plaintiff's second motion is a motion requesting that the court appoint a neutral expert who could testify to the jury about the transmission of Covid-19, vaccines, symptoms, and quarantine procedures in correctional institutions. I will deny this motion. Rule 706 allows a court to appoint a neutral expert when doing so is necessary to help the court or jury "interpret complex information." DeJesus v. Godinez, 720 F. App'x 766, 772 (7th Cir.

2017). However, it is difficult to find expert witnesses willing and able to provide assistance, so this court exercises its discretion to recruit expert witnesses infrequently, and only in circumstances in which it is clear that the court needs an expert to help resolve complex, disputed issues. At this stage of the case, I am not persuaded that the court needs a neutral expert to explain the issues that plaintiff identifies or whether there will even be disputed facts regarding these matters. If I determine later in the case a neutral expert would be helpful in this, I will reconsider then whether to appoint one.

## ORDER

IT IS ORDERED that:

1. Plaintiff Samterious Gordon's motion for the court to conduct an in camera inspection of John Wesly's medical records, dkt. #25, is GRANTED IN PART and DENIED IN PART, as set forth above. By June 10, 2022, defendants' counsel shall review Wesly's medical records from November 2020 and notify the court whether defendants will confirm, and admit, that Wesly had a diagnosis of Covid-19 that month, or file an objection with the court explaining why they will not do so.

2. Plaintiff's motion that the court appoint an expert, dkt. #27, is DENIED.

Entered this 20th day of May, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge